UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE BUFFALO NEWS, INC.,

                    Plaintiff,

          v.                                                   **DECISION AND ORDER**
                                                                12-CV-808S
METRO GROUP, INC. and ADS MEDIA
GROUP, INC.,

                    Defendants.

## I.  INTRODUCTION

Plaintiff, The Buffalo News, Inc., ("The News"), brings this action against Defendants, Metro Group, Inc. ("Metro") and ADS Media Group, Inc ("ADS"), alleging that Defendants engaged in unfair and deceptive advertising practices in violation of New York law and the Lanham Act, 15 U.S.C. § 1125(a).

Both Defendants have moved to dismiss the complaint, and, in response, The News seeks leave to amend its complaint under Federal Rule of Civil Procedure 15(a)(2). Defendants oppose The News' motion on the ground that the proposed amendments are futile. Nonetheless, Defendants have addressed the News' proposed amended complaint and they are therefore not prejudiced by this Court considering the amended pleading, which was filed only one month after this case was removed to this Court. Thus, finding no "undue delay, bad faith or dilatory motive on the part of the movant," see Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), this Court will grant The News' motion and construe the motions to dismiss as against the amended

-1-

complaint. <u>See</u> Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

So construed and for the reasons that follow, Defendants' motions are granted.

## II. BACKGROUND

**A.    Facts**[1]

The News is the largest daily newspaper in the Buffalo metropolitan area, with a paid circulation of over 230,000 readers. (Am. Compl., ¶ 5; Docket No. 17-1.) Advertising "inserts," which are  stand-alone advertisements (typically on high-gloss, colored paper) inserted into copies of the paper, are among the various types of advertising space sold by The News. The News contends that "the greater the number of inserts and the higher the name recognition of the other advertisers in the insert package, the more valuable the placement in the insert becomes, and the more likely [it becomes that an] advertiser is willing to pay to be included in the insert package." (Am. Compl., ¶ 7.) This premise is the foundation of their complaint.

The News asserts that Defendant Metro, a publisher of a number of weekly and bi-weekly local community newspapers that also uses inserts, competes with The News for advertisers. (Am. Compl., ¶ 8.) Beginning around November of 2011, Metro and Defendant ADS, a marketing company hired by Metro, began to solicit advertisers, including advertising customers of The News, for inserts to be included in various Buffalo-area community newspapers published by Metro. (Am. Compl., ¶ 9.) In so doing, The News

---

[1]Facts alleged in The News' amended complaint – but not labels or legal conclusions – must be accepted as true for the purposes of resolving this motion. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 668, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007).

alleges that ADS and Metro have been misrepresenting "the nature and extent" of the advertising they are capable of delivering in their insert packages. (Am. Compl., ¶ 10.) Specifically, The News contends that the promotional material – which are essentially samples – sent to potential advertisers contains more inserts, from more nationally recognized retailers, than Metro is typically able to produce. (Am. Compl., ¶ 10.) Thus, it argues that Defendants are "creating the impression that [] advertisers have agreed to participate when they have not." (Am Compl., ¶ 10.) As such, potential advertisers are lured to Metro and diverted away from The News. (Am. Compl., ¶ 11.)

## B.    Procedural History

The News commenced this action on June 26, 2012 by filing a complaint in New York state court. Shortly thereafter, Defendants removed this action and, shortly after that, Metro filed its motion to dismiss. (Docket No. 5.) ADS followed suit a few days later with its own motion to dismiss, in which it joined Metro's motion and raised one additional ground for dismissal. (Docket No. 11.) On September 24, 2012, The News filed its motion for leave to amend its complaint. (Docket No. 16.) Briefing on those motions concluded in October of 2012, at which time this Court took the motions under consideration.

## III.  DISCUSSION

## A.    Motion to Dismiss Standard – Rule 12(b)(6)

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8(a)(2).  But the plain statement must "possess enough heft to show that the pleader is

entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, 493 F.3d at 98. Legal conclusions, however, are not afforded the same presumption of truthfulness. See Iqbal, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 556 U.S. at 678. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 678; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

**B.     Motions to Dismiss**

Metro and ADS seek dismissal of The News' entire complaint. Defendants begin by asserting that all three of The News' causes of action – a Lanham Act violation, a New York General Business Law ("GBL") § 349 claim, and a claim for unfair competition under the common law – are "governed by the same standards" and that the News' allegations are simply insufficient to state a claim under each of the claims.  (Metro Br., at 10; Docket

No. 5-1.)  They then point to independent grounds for dismissal tailored to the type of claim brought.

They argue that the Lanham Act claim should be dismissed because: (1) The News failed to meet the pleading standards of Federal Rule of Civil Procedure Rule 9(b); (2) the sample insert package is not "advertising and promotion" as defined by the Act; (3) Defendants' actions cannot be considered false or misleading "statements" under the Lanham Act; and (4) The News failed to plead that the alleged advertisement was in interstate commerce.

Defendants also contend that The News cannot sustain a claim under GBL § 349 because: (1) the potential advertisers are businesses – not consumers – and thus Defendants' actions fall outside the scope of that law; (2) Metro is insulated from GBL claims as a publisher, and (3) The News lacks standing to bring this claim.[2]

Finally, Defendants argue that The News' unfair competition claim must be dismissed because New York recognizes only two theories of this tort, "palming off" and misappropriation, neither of which are alleged here.

Because this Court finds the Lanham Act claim to be deficient, it will limit its discussion to that topic.

### 1.      Lanham Act Claim

The News' only federal law cause of action is a violation of the Lanham Act.

Section 43(a) of the Lanham Act authorizes those harmed by false advertising to bring civil suits. It provides that

---

[2]ADS moved separately for dismissal but joined Metro's brief in support thereof. It submitted a separate brief only to raise the standing issue. (See ADS Br., at 3–4; Docket No. 11-1.)

> [a]ny person who . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B).

In other words, "Section 43(a) of the Lanham Act proscribes false designations of origin or false or misleading descriptions of fact in connection with any goods in commerce that are likely to cause confusion or that misrepresent the nature, characteristics, qualities, or geographic origin of the goods." S.C. Johnson & Son, Inc. v. Clorox Co., 241 F.3d 232, 238 (2d Cir. 2001) (quoting Groden v. Random House, Inc., 61 F.3d 1045, 1051 (2d Cir.1995)).

To establish a false advertising claim under Section 43(a) of the Lanham Act, a plaintiff must prove the following elements: (1) the defendant has made a false or misleading statement; (2) the false or misleading statement has actually deceived or has the capacity to deceive a substantial portion of the intended audience; (3) the deception is material, in that it is likely to influence purchasing decisions; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been injured as a result of the misrepresentation. Merck Eprova AG v. Gnosis S.p.A., No. 07 CIV. 5898 RJS, 2012 WL 4510668, at *8 (S.D.N.Y. Sept. 30, 2012) (citing S.C. Johnson & Son, Inc. v. Clorox Co., 241 F.3d 232, 238 (2d Cir. 2001). The first element requires further explanation, as "[a] claim of false advertising may be based on at least one of two theories: 'that the challenged advertisement is literally false, i.e., false on its face,' or 'that the advertisement, while not literally false, is nevertheless likely to mislead or confuse

consumers.'" Tiffany (NJ) Inc. v. eBay Inc., 600 F.3d 93, 112 (2d Cir. 2010) (quoting Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 153 (2d Cir. 2007). It is this element with which Defendants take issue, arguing that The News' complaint falls short under either a literal-falsity or likely-to-mislead test.

In so arguing, Defendants point out what this Court finds to be the crucial deficiency in The News' complaint: the lack of an allegation of a "statement" or "representation of fact." Without it, The News cannot meet the first prong of a Lanham Act claim.

As noted above, the Lanham act prohibits false or misleading "descriptions of fact in connection with any goods." Clorox, 241 F.3d at 238. While that description can be conveyed through an image or the written word, see Coca-Cola Co. v. Tropicana Products, Inc., 690 F.2d 312 (2d Cir. 1982) (televison advertisement depicting squeezed orange implied that defendant's juice was freshly squeezed), there must be something inherently false or misleading about that image or statement. Here, the amended complaint fails to identify a single statement or image that asserts anything. The News appears to ask this Court to stretch the scope of the Lanham Act by suggesting that the mere inclusion of more inserts than Defendants are "typically" able to provide is an implicit, misleading statement of fact.[3] But this Court declines to so find. Indeed, it is clear from the amended complaint that the inserts are meant merely as samples, and there is no allegation that Defendants have claimed that the inserts imply anything more.

The essence of the allegations here are not unlike Mylan Laboratories, Inc. v. Matkari, where plaintiffs alleged that the "very *act* of placing a drug on the market, with

---

[3]The News alleges that at least one sample package contained 23 inserts when, "in reality, . . . Metro publications most typically include no more than two or three inserts." (Am Compl., ¶ 10.)

standard package inserts often used for FDA-approved drugs, somehow implies (falsely) that the drug had been properly approved by the FDA." 7 F.3d 1130, 1139 (4th Cir. 1993) (emphasis in original). The Fourth Circuit held that the plaintiff's failure to allege an actual statement or representation was a "fatal deficiency." Id. Like the plaintiff in Matkari, The News asks this Court to extrapolate a message from an act. But the mere presence of extra inserts in Defendants' sample packages cannot be considered a description or representation of fact under the Lanham Act. Simply put, Defendants' actions are not the type of conduct that the Lanham Act prohibits.

Accordingly, The News' Lanham Act claim must be dismissed and Defendants' other arguments for dismissal need not be addressed.

## 2.    Remaining Claims

Having disposed of all federal claims falling within this Court's original jurisdiction, this Court finds it appropriate to decline to exercise supplemental jurisdiction over The News' remaining claims.  See 28 U.S.C. § 1367(c)(3). The United States Supreme Court has instructed that courts should ordinarily decline to exercise supplemental jurisdiction in the absence of federal claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

The Second Circuit shares this view: where "federal-law claims are eliminated

before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); see also Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well.) The News' remaining claims will therefore be dismissed.

## IV. CONCLUSION

Plaintiff's motion for leave to amend its complaint is granted and the motions to dismiss are construed as against the amended complaint. So construed, Defendants' motions to dismiss are granted.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Leave to File an Amended Complaint (Docket No. 16) is GRANTED.

FURTHER, that Metro's and ADS'  Motions to Dismiss (Docket Nos. 5, 11) are GRANTED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:       January 26, 2013
             Buffalo, New York

                          /s/William M. Skretny
                    WILLIAM M. SKRETNY
                         Chief Judge
                    United States District Court